LEVY DAVIS & MAHER, LLP
Jonathan A. Bernstein
Attorneys for Plaintiffs
39 Broadway, Suite 1620
New York, New York 10006
(212) 371-0033



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------x
PETER SANKAR, ALEXANDER DEVEIKIS,        :    14 Civ.
CHRISTOPHER GONZALEZ and STEPHEN         :
BOTERO,                                  :
                                         :
Individually and on Behalf of All Others :
Similarly Situated,                      :
                                         :
                          Plaintiffs,    :
                                         :
        - against -                      :    **COMPLAINT**
                                         :
RIDGEWOOD EATS INC. and JOHN             :
CONTENTO,                                :
                                         :
                          Defendants.    :
-----------------------------------x

Plaintiffs Peter Sankar (hereinafter "Sankar"), Alexander Deveikis (hereinafter "Deveikis"), Christopher Gonzalez (hereinafter "Gonzalez") and Stephen Botero (hereinafter "Botero"), individually and on behalf of all others similarly situated, by their attorneys, Levy Davis & Maher, LLP, complain of defendants, Ridgewood Eats Inc. (hereinafter "Ridgewood Eats") and John Contento (hereinafter "Contento") as follows:

**PRELIMINARY STATEMENT**

1.   Plaintiffs, who were employed as deliverymen and at defendants' restaurant, complain on behalf of themselves and other current and former employees of defendants,

pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and Article 19 of the Labor Law of the State of New York, ("Labor Law") that they performed work for defendants for which they did not receive lawful minimum wages and overtime premium pay.

2. Defendants purport to pay plaintiffs and persons similarly situated, who are tipped employees, the "tipped minimum wage," a minimum wage that is based upon the tip credit allowance available under 29 U.S.C. § 203(m) and 12 N.Y.C.R.R. § 146-1.3. However, defendants required plaintiff deliverymen to use their own automobiles to make deliveries, *i.e.*, plaintiffs were required to pay for the "tools of the trade." In addition, defendants retained portions of plaintiffs' tips to cover the restaurant's losses. That requirement and retention defeats defendants' otherwise lawful right to avail themselves of a tip credit.

3. Plaintiffs also complain of violations of Labor Law § 196-d in that the defendants retained for themselves the portions of their tips spent a percentage of their tips in violation. Plaintiffs seek disgorgement of the tips so retained.

4. Plaintiffs bring this lawsuit on behalf of similarly situated persons who elect to opt into this action pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, and 28 U.S.C. § 1367(a), in that the state and federal claims arise from a common nucleus of operative fact such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

6. The venue of this action is proper because plaintiffs performed labor and services in the Eastern District of New York, *i.e.*, a substantial part of the events or omissions giving rise

to the claims occurred within the Eastern District of New York.

## PARTIES

7. Sankar is a natural person, currently residing in the County of Queens, City and State of New York. Mr. Sankar was employed by defendants as a delivery driver at Ridgewood Eats from approximately April 2013 until October 2013.

8. Deveikis is a natural person, currently residing in the County of Queens, City and State of New York. Mr. Sankar was employed by defendants as a delivery driver at Ridgewood Eats from approximately April 2013 until September 2013.

9. Gonzalez is a natural person, currently residing in the County of Queens, City and State of New York. Mr. Sankar was employed by defendants as a delivery driver at Ridgewood Eats from approximately April 2013 until September 2013.

10. Botero is a natural person, currently residing in the County of Queens, City and State of New York. Mr. Sankar was employed by defendants as a delivery driver at Ridgewood Eats from approximately May 2013 until September 2013.

11. At all relevant times, Sankar, Deveikis, Gonzalez and Botero were employed by defendants at Ridgewood Eats, a restaurant located at 903 Seneca Avenue in the County of Queens, City and State of New York.

12. Upon information and belief, Ridgewood Eats Inc. is a domestic business corporation. Its principal place of business is in the County of Queens, City and State of New York.

13. John Contento is a natural person. At all relevant times, he was and is a principal

of Ridgewood Eats. Upon information and belief, he operates Ridgewood Eats and exercises sufficient control over the restaurant to be considered plaintiffs' employer within the meaning of the FLSA and the Labor Law.

## COLLECTIVE ACTION ALLEGATIONS

14. Plaintiffs bring this action on behalf of themselves and all others similarly situated, pursuant to 29 U.S.C. § 216(b). Persons similarly situated are those who are and/or were employed by defendants as delivery drivers at Ridgewood Eats at any time between January 15, 2011 and the present (the "Collective Action Period") within the meaning of 29 U.S.C. § 203(e)(1).

15. Defendants are liable under the FLSA for, among other things, failing to compensate plaintiffs properly. Upon information and belief, there are many similarly situated current and former employees of defendants who have not been properly paid in violation of the FLSA, and who would benefit from the issuance of a court-supervised notice of the instant action and the opportunity to join the instant action. Those similarly situated persons are known to defendants, are readily identifiable, and can be located through the use of defendants' records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

16. Plaintiffs were, at all relevant times, engaged in commerce within the meaning of 29 U.S.C. § 203(b), in that they worked as delivery drivers for defendants' restaurant.

17. Plaintiffs were, at all relevant times, service employees within the meaning of 12 N.Y.C.R.R.§§ 146-3.3(a), 3.4(a).

18. Defendants were, at all relevant times, and are, in an industry affecting commerce within the meaning of 29 U.S.C. § 203(b).

19. Upon information and belief, defendants, in combination with persons performing related activities for a common business purpose, are an enterprise whose annual gross volume of sales made or business done is not less than $500,000, exclusive of sales taxes.

20. Contento authorized the pay policies at Ridgewood Eats and/or controlled the terms and conditions of plaintiffs' work.

21. Defendants accordingly acted as joint employers with respect to plaintiffs.

22. Defendants paid plaintiffs Sankar and Deveikis $5.00 per hour during the initial "probationary" weeks of their employment and $6.00 per hour thereafter.

23. Defendants paid plaintiffs Gonzalez and Botero $5.00 per hour at all relevant times.

24. At all relevant times, defendants required plaintiffs to use their own automobiles to deliver food orders to Ridgewood Eats's customers. At no time did Ridgewood Eats reimburse the plaintiffs for the cost of gasoline, tolls, maintenance, or wear and tear on their vehicles.

25. At all relevant times, defendants required, suffered or permitted plaintiffs to work one hour before their shifts were scheduled to begin. At all relevant times, defendants required, suffered or permitted plaintiffs to work until approximately one hour after their shifts were scheduled to end. However, defendants did not pay plaintiffs' wages, for such pre- and post-shift work.

26.     At all relevant times, defendants required plaintiffs and persons similarly situated to reimburse the restaurant for losses caused by customers who failed to pay their checks.

27.     Plaintiffs and persons similarly situated regularly worked in excess of 40 hours in the workweek. However, plaintiffs and persons similarly situated were not paid overtime premium pay for all work hours in excess of 40 hours in the workweek.

28.     Plaintiffs regularly worked in excess of ten hours and/or a split shift on a single workday. However, plaintiffs were not paid premium pay for the excessive hours/split shift.

29.     Upon information and belief, defendants failed to make, keep and preserve records as required by 29 U.S.C. § 211(c).

## AS AND FOR PLAINTIFFS' FIRST CAUSE OF ACTION

30.     Plaintiffs incorporate by reference each and every allegation made in paragraphs 1 through 29 of this Complaint.

31.     At all relevant times, defendants have been employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a). As such, Defendants were required to pay directly to plaintiffs and persons similarly situated the applicable federal minimum wage for all hours worked.

32.     Defendants required plaintiffs to pay the cost of gasoline, tolls, maintenance and wear and tear on their vehicles (hereinafter "vehicle expenditures").

33.     Defendants retained and/or misappropriated portions of the tips of plaintiffs and persons similarly situated.

34.     The vehicle expenditures and/or retention of plaintiffs' tips caused plaintiffs'

effective hourly rate to fall below $4.65.

35. Defendants were not entitled to avail themselves of the tip credit allowance that is available under the FLSA, 29 U.S.C. § 203(m), and supporting federal regulations, including but not limited to 29 C.F.R. § 531.50 *et seq.*, because defendants did not allow plaintiffs to retain all tips they received, in violation of the FLSA, 29 U.S.C. § 203(m).

36. Defendants accordingly failed and refused to pay plaintiff and persons similarly situated the minimum wages to which they are entitled under the FLSA.

37. As a result of defendants' violations of the FLSA, plaintiff and persons similarly situated have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

38. Defendants' unlawful conduct, as described in this complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this complaint were unlawful. Consequently, defendants have acted willfully, and a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## AS AND FOR PLAINTIFFS' SECOND CAUSE OF ACTION

39. Plaintiffs incorporate by reference each and every allegation made in paragraphs 1 through 38 of this Complaint.

40. Although plaintiffs and their similarly situated co-workers frequently worked over forty hours in a workweek, they were not paid overtime premium pay for hours worked in excess of forty hours per workweek.

41. Plaintiffs and their similarly situated co-workers are entitled to one and one-half times their regular rates of pay for all hours worked in excess of forty hours in a workweek under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.*

42. As a result of defendants' violations of the FLSA, plaintiffs and persons similarly situated have suffered damages by being denied overtime premium pay in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## AS AND FOR PLAINTIFFS' THIRD CAUSE OF ACTION

43. Plaintiffs incorporate by reference each and every allegation made in paragraphs 1 through 42 of this Complaint.

44. At all relevant times, a New York hospitality industry employer of tipped service employees has been entitled to a tip credit against the minimum wage under 12 N.Y.C.R.R. § 146-1.3 provided, *inter alia,* that the employer pays a cash wage of at least $5.65 per hour.

45. At all relevant times, 12 N.Y.C.R.R. § 146-2.7(c) provided that if a New York hospitality industry employee is required to spend money to carry out duties assigned by the employer, those expenses shall not bring the employees wage below the required minium.

46. Plaintiffs have not been paid minimum wages for all compensable work hours under the New York Minimum Wage Act, as amended, N.Y. Labor Law §§ 650 *et seq.* and N.Y. Labor Law §§ 190 *et seq.*

47. The failure of defendants to pay minimum wages to plaintiffs as required by the

New York Minimum Wage was willful within the meaning of Labor Law § 663.

48. Plaintiffs are accordingly entitled to back pay, liquidated damages, prejudgment interest and attorney's fees.

## AS AND FOR PLAINTIFFS' FOURTH CAUSE OF ACTION

49. Plaintiffs incorporate by reference each and every allegation made in paragraphs 1 through 48 of this Complaint.

50. Plaintiffs have not been paid overtime premium pay for all compensable work hours under the New York Minimum Wage Act, as amended, N.Y. Labor Law §§ 650 *et seq.* and N.Y. Labor Law §§ 190 *et seq.*

51. The failure of defendants to pay overtime premium pay to plaintiffs as required by the New York Minimum Wage Act was willful within the meaning of Labor Law § 663.

52. Plaintiffs are accordingly entitled to back pay, liquidated damages, prejudgment interest and attorney's fees.

## AS AND FOR PLAINTIFFS' FIFTH CAUSE OF ACTION

53. Plaintiffs incorporate by reference each and every allegation made in paragraphs 1 through 52 of this Complaint.

54. Defendants, having demanded and/or accepted part of the gratuities received by plaintiffs, violated Labor Law § 196-d.

55. Plaintiffs are accordingly entitled to recover the gratuities wrongfully taken, together with interest thereon, liquidated damages and attorneys' fees.

## AS AND FOR PLAINTIFFS' SIXTH CAUSE OF ACTION

56. Plaintiffs incorporate by reference each and every allegation made in paragraphs 1 through 55 of this Complaint.

57. Plaintiffs are entitled to an additional one hour's pay at the minimum hourly wage rate for any day in which the spread of hours worked exceeds 10 hours.

58. Defendants failed and refused to pay plaintiff additional wages as required under 12 NYCRR § 146-1.6, which regulation was duly promulgated pursuant to N.Y. Labor Law § 21(11).

WHEREFORE, plaintiffs respectfully request that this Court enter a judgment:

1. Authorizing notice of this action pursuant to 29 U.S.C. § 216(b);

2. Directing defendants to pay federally-mandated minimum wages ond overtime premium pay to plaintiffs and to such persons as may opt in to this action;

3. Directing defendants to pay liquidated damages under the FLSA to plaintiffs and such persons as may opt in to this action;

4. Directing defendants to pay New York state-law minimum wages and overtime premium pay to plaintiffs;

5. Directing defendants to disgorge the tips wrongfully withheld from plaintiffs;

6. Directing defendants to reimburse plaintiffs for the cost of gasoline, tolls, maintenance and wear and tear on their vehicles expended in carrying out duties assigned by defendants;

7. Directing defendants to pay liquidated damages under the New York Labor

Law to plaintiffs;

      8. Directing defendants to pay pre-judgment interest to plaintiffs as authorized by New York law;

      9. Granting a permanent injunction enjoining defendants and their owners, officers, management personnel, employees, agents, attorneys, successors and assigns and those acting in concert therewith from any conduct violating the rights of the plaintiffs as secured by the New York Labor Law;

      10. Awarding plaintiffs the costs of this action together with reasonable attorneys' fees; and

      11. Granting such other and further relief as this Court deems necessary and proper.

Dated: New York, New York
       January 13, 2014

                                              Levy Davis & Maher, LLP

                                              By:_____

                                              Jonathan A. Bernstein (JB 4053)
                                              Attorneys for Plaintiffs
                                              39 Broadway, Suite 1620
                                              New York, New York 10006
                                              Tel: (212) 371-0033